# Estate of Absalom Hartman, Deceased. Appeal of John D. Skiles.

*Decedent's estate—Debts due by heir to estate—Creditors of heir.*

A fund produced by the sale of real estate of a decedent under the Act of June 12, 1893, P. L. 461, being before the orphans' court for distribution, that court will, upon the application of the administrator, set off the indebtedness of a distributee to the estate against his distributive share to the exclusion of a judgment of a creditor against an heir obtained after the death of the intestate and before the sale of the real estate. Dickinson's Estate, 148 Pa. 142, followed.

Argued Nov. 14, 1899. Appeal, No. 51, Oct. T., 1899, by John D. Skiles, from decree of O. C. Lancaster Co., dismissing exceptions to and confirming report of auditor in the distribution of the Estate of Absalom Hartman, deceased. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by RICE, P. J.

Exceptions to auditor's report. Before BRUBAKER, J.

It appears from the record and the evidence that decedent died intestate leaving a widow and seven children. His real estate was sold under the Act of June 12, 1893, P. L. 461, and purchased by his widow for $5,197.45, including her dower charged on the same, $1,732.48. The total personal fund amounted to $8,839.34. The account of the administrators confirmed May 22, 1897, showed a balance in favor of the estate amounting to $8,739.04, and the court appointed R. Conyngham auditor to distribute the same. Against the share of James K. Hartman, one of the seven sons and heirs, there were presented several judgments of John D. Skiles, all entered after the death of the decedent, which with interest and costs amounted to $725.32. The administrators presented notes of the decedent against James K. Hartman, amounting to $1,201.97, which they claimed as a set-off to James K. Hartman's distributive share in the estate arising out of both the real and personal funds. The auditor awarded to Skiles, the owner and holder of the judgments, one seventh of the net proceeds of the realty, amounting to $494.99, and also found that the judgments, being liens on his lands, were liens on his interest in the dower charge dur-

70          HARTMAN'S ESTATE.

Statement of Facts—Opinion of Court below. [12 Pa. Superior Ct.

ing the widow's life, and that one seventh of the same, $230.32, should be a lien upon the interest of James K. Hartman in the dower charged during the lifetime of the widow.   Upon exceptions filed the court held that the heir's share of the real estate was subject to his indebtedness to the ancestor's estate, and that the judgment creditors of the heir could take nothing in the distribution.   It therefore overruled the auditor and sustained exceptions to his report, filing the following opinion:

The contention in this case arises under the first four exceptions to the report of the auditor in making distribution of the share of James K. Hartman, a son of deceased, in the fund realized by proceedings in this court under the act of June 12, 1893, relating to sales of the real estate of decedents whenever parties in interest desire the same to be converted into money for distribution.

The administrator of this estate contended before the auditor that, as the son's share in the funds of both the personalty and realty was less than his indebtedness to his father's estate, the indebtedness should have been deducted from his share in both funds.   The learned auditor, however, held that land did not descend from father to child, charged with debts due to the parent who dies intestate, and awarded it to the payment of judgments against his son, acquired subsequently to the death of the father.   Has the learned auditor erred?

It is not disputed, as far as the personalty is concerned, the administrator had the right to set off the indebtedness due from the son's distributive share.   The principle is settled by the authorities cited and referred to in the respective briefs of the learned counsel for the parties interested in the distribution. The rule, as it is given in a numerous class of decisions, is that a debt of a legatee or distributee may be set off against the claim for the legacy or share in a court of law, or retained for the fund to be administered in a court of equity.   The rule seems to be clearly stated.   It applies, in our opinion, to the distribution of both funds in this case.   We take it to mean that in order to apply the principle to realty as we understand it, the fund must have come into a court of equity for purposes of conversion into money and distribution among the heirs or to those legally entitled to it.   We refer to the doctrine as it is enunciated in the following cases:

In Manifold's Estate, 5 W. & S. 340, which was an orphans' court sale for payment of debts, it was held that as the fund was in the hands of the administrator it enabled him to retain the share for the debt of the sum as against the judgment creditors of the latter.

In Wallace v. Keyser, 51 Pa. 493, AGNEW, J., says: "Abstractly it is right that an heir to real estate who owed a debt to his ancestor should take his share less the debt, but the right is imperfect and cannot be enforced until the party or the fund comes into the power of the law." In that case, however, the proceeds of sale were realized from a private sale of the land by the heirs, and therefore the court held that it was not a fund in court in course of distribution, and for that reason the rule did not apply. While the proceedings were by bill in equity the court had no jurisdiction in the matter and therefore could not decree the debt of the heir to the intestate to be taken from his share of the proceeds of the private sale out of a fund not before it.

In Dickinson's Estate, 148 Pa. 142, which were proceedings in partition, the court's decision was that the heir's share was subject to his indebtedness to the ancestor's estate, the judgment creditors of the heir taking nothing in the distribution. The court entertained jurisdiction over the question of disbursement, with power to decide all questions necessary to a proper distribution. In Manifold's Estate, supra, and Springer's App., 29 Pa. 208, the courts below held that all that is necessary is for the orphans' court to have control of the fund for the purpose of distribution, and the parties interested before it, and it will ascertain and enforce such equities as are necessary to equalize, as far as it can, the shares of the respective heirs in the estate of deceased. And this doctrine is not controverted by the case of Wallace v. Keyser, 51 Pa. 493. They were not in the orphans' court, and the court very properly held that the debts of the heir to the testator could not be taken out of the proceeds of the sale, before the payment of judgment creditors, for the reason that the proceeds of sale were not a fund in course of distribution; the contest was over the purchase money realized from a private sale by the heirs, and put into the hands of a third person for the use of the judgment creditors. If this is not entirely clear from the case itself, it is made so by what the court says in Hughes's Appeal, 57 Pa. 179.

This case is affirmed in a per curiam opinion and comes so near to the case in hand that we are at a loss to see how to distinguish it from the latter. The only difference between the two cases is that the present proceedings were had under the act of 1893, instead of proceedings in partition in this court. The orphans' court has undoubted equity jurisdiction in decedents' estates, and has power, as was shown in Dickinson's Estate, supra, to pass upon such equities of the heirs as are necessary in the distribution of the fund. The act of 1893 is but a substitute, in part, for the longer method of procedure by partition; it is the short and inexpensive way of converting land into money for purposes of distribution, which, doubtless, was the main purpose of the legislature. It will be observed that the statute not only directs the administrator or trustee to make a sale, but that it also provides that the sale shall proceed thereafter in all respects in the manner now provided by existing laws in cases of the sale of real estate under proceedings in partition, and that it shall have the same effect as a sale in partition.

We cannot therefore agree with the learned counsel for the judgment creditors of the heir, that the purpose of the late statute was intended merely for the convenience of the heirs. It is broader in its scope, and goes much farther in its effect. It was the manifest intention also of the legislature, as we interpret it, to give the orphans' court complete jurisdiction and control over the fund for distribution. While it is clear that the conversion and sale of the land under the act of 1893 does not affect its character as real estate, it is analogous, however, in this respect to proceedings had in partition, for the proceeds in the latter also passes to the heirs in the first instance as realty (Wentz's App., 126 Pa. 541); and yet under the latter proceedings it was held in Dickinson's Estate, supra, that as the heir's share was insufficient to discharge his indebtedness to the decedent's estate, the judgment creditors were not entitled to participate in the fund. The heir in the present case brought himself within the jurisdiction of the orphans' court, whether compelled to do so or not, and therefore the rights of his creditors are dependent upon his rights, as was said in the last cited cases. As both the personal and real estate funds are in the hands of the administrator in this case, and in court for distribution, it

would be an anomaly if the court could permit the administrator to deduct the son's indebtedness to his father from his share in the personalty only, and not from his share in the realty.

We do not see how we can distinguish this case from that of Dickinson's Estate, supra, and therefore feel constrained to hold that the balance of the son's indebtedness in this case should be paid out of the real estate fund in preference to his judgment creditors. These exceptions are therefore sustained.

The exceptions filed in behalf of Calvin K. Hartman have no merit. The assignment to him of the share does not purport to convey real estate, as it has no words of inheritance, which is necessary to pass interest in land. These exceptions are dismissed.

The report of the auditor is recommitted to him for the purpose of distributing the fund in question as herein indicated.

A supplementary report was subsequently filed by the auditor in accordance with the above opinion, finding that James K. Hartman's total share not being sufficient to pay his indebtedness to the estate, the said James K. Hartman will be excluded from the distribution and his share of the real fund will be divided among the other heirs.

John D. Skiles appealed.

*Error assigned* among others was (6) in holding that the balance of James K. Hartman's indebtedness to Absalom Hartman's estate should be paid out of the real estate fund, in preference to his judgment creditors.

*W. U. Hensel*, for appellant.—The question here to be decided is whether or not the administrator has the right to set off, so far as the realty is concerned, a debt due from a distributee against his share.

It is here contended by appellant that land does not descend to the heir charged with debts due to a parent who dies intestate: Rockafield's Est., 4 Lanc. Law Rev. 113 (which subsequently came into the Supreme Court on another point, Kauffman's Appeal, 20 W. N. C. 364).

In this position the learned court in that case was certainly supported by the precedent authorities: Wallace v. Keyser, 51

Pa. 493; Wentz's Appeal, 126 Pa. 541; Schmid's Est., 14
Lanc. Law Rev. 329.

*A. J. Eberly*, for appellee, relied on Dickinson's Est., 148
Pa. 142.

OPINION BY RICE, P. J., December 11, 1899:

Upon distribution of the balance in the hands of the adminis-
trators of Absalom Hartman it appeared that the distributive
share of James K. Hartman, a son, was more than equaled by
his indebtedness to his father at the time of the latter's death;
also that, after that date and before the real estate had been
sold under the provisions of the Act of June 12, 1893, P. L.
461, John D. Skiles had obtained judgments against James K.
Hartman.   The question is as to the authority of the orphans'
court, upon the application of the administrators, to set off
this indebtedness against his distributive share, to the exclusion
of John D. Skiles, the judgment creditor.

In Wallace v. Keyser, 51 Pa. 493, Justice AGNEW said:
"Abstractly it is right that an heir to real estate who owed a
debt to his ancestor should take his share less the debt, but the
right is imperfect, and cannot be enforced until the party or
the fund comes into the power of the law."   In that case the
brothers and sisters of two of the sons of the intestate were
endeavoring by a bill in equity to control the proceeds of a pri-
vate sale by the sons of their interest in their father's real estate,
on the ground of a debt due by them to their father's estate.
It will be observed that, in the case cited, the fund was not in
course of distribution in the orphans' court, which has exclusive
jurisdiction over the questions of advancement and distribution,
and that, as pointed out in Hughes's Appeal, 57 Pa. 179, this
was a consideration which had much to do with the decision
that the bill in equity could not be sustained.   The decision
in Wallace v. Keyser, as explained in Hughes's Appeal, is not
in conflict with the later decision of the Supreme Court in Dick-
inson's Estate, Cheney's Appeal, 148 Pa. 142, in which it was
held that when a fund produced by a sale in partition of the
real estate of an intestate is before the orphans' court for dis-
tribution, and one of the heirs was indebted to the decedent,
the court has power to effect equality of distribution by apply-

ing his share of the estate to the indebtedness, to the exclusion
of judgment creditors of the heir who obtained liens after the
death of the intestate and before the sale of the real estate.
Wentz's Appeal, 126 Pa. 541, does not touch the question raised
here. It is impossible to distinguish the present case from
Dickinson's Estate on any principle which ought to lead to a
different result. This is so clearly shown in the opinion filed
by the learned judge of the court below, that we do not deem
it necessary or profitable to extend the discussion.

The decree is affirmed and appeal dismissed at the costs of
the appellant.