## Landmesser's Estate.

*Decedent's estate—Excessive distribution to legatee—Equalization from proceeds of real estate—Judgment creditors of legatee.*

Where a legatee has been overpaid out of the personal estate beyond his distributive share, whether because of peculiar influence with the executors or because he was one of them, the amount must be charged against him at the next distribution, and he is entitled to no further distribution until the shares of the other distributees are equalized. That the fund for subsequent distribution is the proceeds of real estate is of no consequence. Neither does a judgment creditor of the legatee stand in any better position than his debtor, nor was it necessary that the finding of the orphans' court of a definite surcharge should be certified to the common pleas under the Act of March 29, 1832, P. L. 197, sec. 29, as that act has no application to property that is within the custody and control of the orphans' court.

Argued Jan. 11, 1900.   Appeal, No. 16, Jan. T., 1900, by
Nelson G. Pringle, from decree of O. C. Luzerne Co., No. 159,
of 1892, in distribution of the estate of Lewis Landmesser, de-
ceased.   Before RICE, P. J., BEAVER, ORLADY, W. W. POR-
TER, W. D PORTER and MITCHELL, JJ.   Affirmed.   Opinion
by W. D. PORTER, J.

Exceptions to report of audit.   Before DARTE, P. J.
The facts sufficiently appear in the opinion of the court.
The court dismissed the exceptions.   N. G. Pringle appealed.

*Errors assigned* were (1) in dismissing the first exception, to
wit: "1.  The learned court, sitting as auditor, erred in subtract-
ing from the distributive share which he finds at that time due
to J. G. Landmesser, the amount of surcharge which in the re-
port of audit filed on June 14, 1897, was found to be due and
owing from said John G. Landmesser on account of advance-
ments made to and retained by him as executor of the estate of
said Lewis Landmesser, deceased."   To which the court made
answer : "It is true that letters testamentary issued to the three
executors, and that the audit confirmed June 25, 1897 is cap-
tioned as of the first partial, second partial and final accounts
of L. B. Landmesser, W. F. Landmesser and John G. Land-
messer, executors, etc., but it appears that L. B. Landmesser
was the active executor, that he alone made up and filed the
first two accounts, as will appear by inspection.   We do not
find that any fund was received and retained by John G. Land-
messer, as executor.   He received and retained more than his
share at the distribution audit, but the amount was paid to him
by L. B. Landmesser, sole executor, except $201.62, and was
all received and retained as an heir, no one objecting, and before
the exceptant had any right in the matter.   Exception dis-
missed."   (2)  In dismissing the second exception, to wit:
"2.  The learned court, sitting as auditor, erred more specifically
in deducting from $1,784.63, the sum of $1,154.88 and in distrib-
uting to said John G. Landmesser the sum of $629.75, and in
not distributing to the lien creditors of said John G. Landmes-
ser, and particularly to your exceptant, his portion of the full
amount of the distributive share which was then due to the
said John G. Landmesser to wit: $1,784.63, the judgment liens

of exceptant having been duly presented and proved at the audit. To which the court made answer: John G. Landmesser had been advanced $1,154.88, from funds which belonged to the other heirs. That payment was fixed by audit, confirmed June 25, 1897, unappealed from and cannot now be disputed: Lex's Appeal, 97 Pa. 289. All that was due John G. Landmesser was the balance of $629.75, which was properly distributed. Exception dismissed." (3) In dismissing the third exception, to wit: "3. The learned court erred in finding as matter of fact that the lien creditors of John G. Landmesser were not entitled to be paid out of his distributive share, but were put to their remedy against these executors of said estate who had advanced to said John G. Landmesser more than his share. To which the court made answer: We are unable to discern any such finding of law or fact. We gave the lien creditors all we found unpaid to John G. Landmesser. Exception dismissed." (4) In dismissing the exception to its first conclusion of law, to wit: "1. That the balance of the fund will have added to it the indebtedness of William F. and John G. Landmesser, two of the former executors, as set out in fact nine." (5) In dismissing the exception to its second conclusion of law, to wit: "2. From this amount there will first be paid to the heirs or their creditors the amount due on former distribution, so as to equalize the distributive shares of the heirs as far as possible." (6) In dismissing the exception to its third conclusion of law, to wit: "3. The balance then remaining will be equally divided among the eight heirs entitled to it according to the will of the decedent, deducting advancements from the share of those to whom they have been made, and paying the shares of others to their lien creditors as above set out, in order of their priority of lien. To which last three exceptions the court made answer as follows: For reasons and upon authorities given in the general opinion, the above three exceptions to findings of law are dismissed."

*J. B. Woodward,* for appellant.—The court refused to allow the appellant's claim and distributed John G. Landmesser's share to the rest of the heirs, holding that the surcharge was on account of moneys he had overpaid himself as executor out of the estate of his father and therefore should go back to the

estate, although neither the heirs nor the administrator had complied with the provisions of the Act of March 29, 1832, P. L. 190, sect. 29, which provides that such surcharge can only be made a lien on real estate by filing certified transcripts from the orphans' court records in the office of the prothonotary of the court of common pleas.

*H. A. Fuller,* with him  *G. K. Powell* and  *D. L. Rhone,* for appellee.—That an heir overpaid out of one fund, real or personal, must account to the other heirs for such overpayment upon distribution of another fund is well established : Armstrong v. Walker, 150 Pa. 585 ; Grim's Est., 147 Pa. 190 ; Yetter's Est., 160 Pa. 506.

Upon distribution in the orphan's court no one can claim except through the decedent as creditor, legatee or next of kin: McBride's Appeal, 72 Pa. 480 ; Braman's Appeal, 89 Pa. 78.

A judgment creditor stands on the foot of his debtor : Cover v. Black, 1 Pa. 493 ; Dimm's and King's App., 90 Pa. 367.

A judgment creditor of an heir, acquires no higher right than the heir had at the entry of the judgment: Horner v. Hasbrouck, 41 Pa. 169 ; Smith v. Seaton, 11 Atl. Repr. 661.

OPINION BY W. D. PORTER, J., April 23, 1900 :

Louis Landmesser died on April 4, 1892, leaving a will, in which he appointed three of his sons, namely, Louis B., William F. and John G., executors, to whom letters testamentary issued, and authorized and empowered said executors to lease and sell his real estate and collect the rents thereof.  After making sundry specific devises and bequests the bulk of the estate was disposed of by the following clause :  " Ninth. I give the residue of my estate to my nine children, share and share alike, to wit: Louisa A., Margaret, Katherine, Nicholas, Louis B., William F., John G., Henry L. and Edward M."   The fund in court is the proceeds of the sale of real estate, and is to be disposed of under the above clause.   On November 27, 1894, L. B. Landmesser alone filed an account as executor, in which he claimed credit for the payment of the sums of $1,147 and $700 to John G. Landmesser, on account of his share under the above-mentioned residuary clause, and also claimed credit up-

on the same account for the sum of $25.00 being for a safe taken at the appraised value thereof by the said John G. Landmesser on June 1, 1892. All of the executors resigned and on March 11, 1897, the court ordered them to file a final account, and appointed as their successor in the trust the present accountant. On May 21, 1897, all three of the original executors joined in the final account, in which they claimed credit for the sums of $48.62 and $153 advanced to John G. Landmesser on April 1, 1897, upon account of his share under the above-recited clause of the will. On June 25, 1897, these accounts were all audited by the court, and it was decreed that the share of each of the legatees out of the funds then for distribution under the above clause was $1,466.83, and that John G. Landmesser had received the sum of $2,526.52. This was a distinct finding that John G. Landmesser had received $1,059.69 more than his share under the residuary clause of the will in so far as the estate had been administered down to that time. The appellant obtained three judgments against John G. Landmesser, bearing date, respectively, June 1, 1897, January 24, 1898, and October 10, 1898. It will be observed that all of these judgments bear date subsequently to the last payment made to John G. Landmesser upon account of his interest in the estate.

The sale of real estate from which this fund was derived was made by the administrator d. b. n. c. t. a., appointed upon the resignation of the executors. The record, as printed, does not show the date of this sale, but, from the general tenor of the argument, we may assume that it was made subsequently to the entry of the Pringle judgments. The sole question presented by this record is whether this judgment creditor of John G. Landmesser was entitled to have his judgments paid out of the share of said defendant in this fund before the distribution among the legatees under the residuary clause of the will had been equalized. There can be no question that John G. Landmesser had either been paid, as legatee, by the acting executor, or while himself acting executor had retained, upon the allegation that he was entitled thereto as legatee, more than the other legatees, who were entitled to the same amount, had received under the residuary clause of the will in so far as the estate had been administered. In so far as the estate came within the operation of this residuary clause it is to be treated

LANDMESSER'S ESTATE.

as a common fund, and John G. Landmesser having either received or retained more than the amount to which he was entitled upon former distributions, the other heirs have a right to insist that the distribution shall be equalized before John G. Landmesser, or any person claiming under him, shall receive any further portion of the fund: Grim's Appeal, 109 Pa. 391; Grim's Estate, 147 Pa. 190; Yetter's Estate, 160 Pa. 506. These legatees and devisees were to take the entire residue of this estate share and share alike. If, by reason of peculiar influence with the executors, or because he was one of them, John G. Landmesser got into his hands and retained the entire proceeds of the sale of one piece of property, the amount must be charged against him in the next distribution. The whole fund was within the grasp of the orphans' court, and that court had the power to employ any equitable remedy to enforce distribution in accordance with the terms of the will of the decedent. The question being one of payment out of the fund, it does not seem to us that it can make much difference how the payment was made, whether by a retention of the fund as executor, on his own responsibility, or receiving it from an acting coexecutor. How stand these several legatees and devisees, who are each entitled to an equal share in this fund? How much has each been paid? The manner of the payment is a question of minor importance. This overpayment to John G. Landmesser upon account of his share became a part of the estate of the decedent, and as such is to be considered at any future distribution. It is true he had not been indebted to his father, but he had become indebted to this fund. He had taken out of the fund thus far collected far more than he was entitled to receive, and his hand must be stayed until his less fortunate colegatees are placed upon the footing which they are entitled to occupy under the terms of their father's will: Donaldson's Estate, 158 Pa. 292; Hartman's Estate, 12 Pa. Superior Ct. 69. That this fund is the proceeds of real estate is of no consequence. A devisee who takes real or personal property in contravention of a will and so disappoints another devisee, shall have nothing under the will until compensation is made to the disappointed devisee: Armstrong v. Walker, 150 Pa. 585; Lewis v. Lewis, 13 Pa. 79.

It is argued on behalf of appellant that the decree of the orphans' court, finding that John G. Landmesser had received

more than the other legatees, was a surcharge in his account as executor, and that in order to obtain a lien for the amount thereof upon his interest in the real estate of his deceased father, it was essential that certified transcripts from the records of the orphans' court be filed in the office of the prothonotary of the court of common pleas, in accordance with the provisions of the Act of March 29, 1832, P. L. 190, section 29. The purpose of this section was to afford a way in which promptly to acquire, in favor of estates in course of administration, a lien upon the real estate of delinquent administrators, executors and other trustees which was beyond the grasp of the orphans' court. The act has no application to property that is within the custody and control of the orphans' court. The right here asserted on behalf of the heirs is not one of lien, but an equitable title to the property; one legatee has been overpaid, and his interest must, to that extent, abate in the fund remaining for distribution. Within the limits of its jurisdiction the orphans' court is a court of equity, and in the 19th section of the act of 1836, its jurisdiction is extended to all cases in which "executors, administrators, guardians or trustees are possessed of, or undertake the care and management of, or are in any way accountable for the real or personal estate of a decedent." "In a case of this kind equity relieves, on the ground of trust. The devise passes the legal title; but a chancellor holds the recusant devisee bound, as a trustee, to compensate the devisee he has disappointed:" Lewis v. Lewis, supra.

The appellant could claim nothing out of the estate which his debtor would not have been entitled to take therefrom at the time of the entry of the judgments. The judgments bound only the contingent interest of John G. Landmesser, and to that extent put the appellant in his place. If the interest of the defendant in any specific piece of his deceased father's real estate had been sold upon these judgments, the purchaser would have taken title thereto precisely as John G. Landmesser held it, subject to reclamation by the orphans' court for the purpose of carrying out the provisions of the will of Louis Landmesser, deceased: Horner & Roberts v. Hasbrouck, 41 Pa. 169. It is clear that the learned judge of the orphans' court distributed the fund to the persons entitled to the same. The specifications of error are dismissed.

Decree affirmed, and appeal dismissed at costs of appellant.