## Stahl's Estate.

*Decedent's estates—Advancements—Interest—Will.*

Advancements do not bear interest unless there be a clearly manifest intention that they shall do so expressed in the will.

*Decedent's estates—Orphans' court practice—Successive accounts.*

A decree of the orphans' court upon the first account of an executor is, as to residuary legatees, conclusive only as to the fund being distributed. It does not determine that all subsequent distributions must be made upon the same theory.

Argued Nov. 12, 1903.   Appeal, No. 152, Oct. T., 1903, by the Peoples Trust, Saving & Deposit Company, from decree of O. C. Lancaster Co., dismissing exceptions to report of auditor in estate of Frank Mathew Stahl, deceased.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Exceptions to report of M. G. Schaeffer, Esq., auditor.

From the record it appeared that the testator, Frank Mathew Stahl, after having directed that his estate should be sold within three years after his decease, directed as to the residue of his property as follows:

" The rest, residue and remainder, I direct to be divided in five equal shares, or parts, except that the share to be held in trust for my son, George Michael Stahl, as hereinafter provided, is to be one thousand dollars less than the shares of my other children, and to be distributed as follows, to wit:

" One equal fifth part thereof, I give and bequeath unto my son, Frank Mathew Stahl, and to his heirs and assigns.

" One equal fifth part thereof, I give and bequeath unto my son John Alphonse Stahl, and to his heirs and assigns.

" One equal fifth part thereof, I give and bequeath unto my son, Joseph Augustine Stahl, and to his heirs and assigns.

" One equal fifth part thereof, less one thousand dollars, before mentioned, I order and direct my hereinafter named executors to retain in trust and invest the same in improved real estate and the rent or income arising therefrom, after the repairs, taxes, etc., on said improved real estate are paid, and deducted from said rent or income shall be paid yearly to the present wife of my son, George Michael Stahl, until the youngest child of my said son, George Michael, arrives at the age of twenty years, and after that time, then one-half of said income as aforesaid to my son, George Michael, and the other one-half to his present wife, for and during their natural lives, and immediately after their deaths, the principal or the whole value of the said improved real estate unto the children of my said son, George Michael, in equal shares to their heir and assigns. My said executors to keep the buildings on said real estate well insured.

" One equal fifth part thereof, I order and direct my hereinafter named executors to retain in trust and invest the same in improved real estate, and the rent or income arising therefrom, after the repairs, taxes, etc., on said improved real estate are paid and deducted from said rent or income, shall be paid yearly to the present wife of my son, Jerome H. Stahl, until the youngest child of my said son, Jerome H., arrives at the age of twenty years, and after that time then one-half of said rent

404 STAHL'S ESTATE.

Statement of Facts—Opinion of the Court. [25 Pa. Superior Ct.

or income as aforesaid, to my son, Jerome H., and the other one-half to his present wife for and during their natural lives, and immediately after their deaths the principal sum or the whole value of the said improved real estate unto the children of my said son, Jerome H., in equal shares, and to their heirs and assigns. My said executors to keep the buildings on said real estate well insured. If however the wife of either my sons, George Michael Stahl or Jerome H. Stahl, should marry again then and in that event, no part of the rent or income of the said improved real estate shall be paid to either of them, but the principal or value of said real estate be paid to the children of my said sons, as hereinbefore provided.

" As I have advanced to my son, Frank Mathew Stahl, the sum of $2,776.00 ; to my son, John Alphonse Stahl, the sum of $2,816.00 ; to my son, Joseph Augustine, the sum of $4,000.00 ; and to my son Jerome H. Stahl, the sum of $1,200.00, I direct the said several sums to be deducted from their several shares so as to equalize all the shares of my children whether in trust or otherwise, except as hereinbefore provided."

Other facts appear by the opinion of the Superior Court.

*Error assigned* was in dismissing exceptions to auditor's report.

*D. F. Magee*, with him *A. B. Hambright*, for appellant.

*W. H. Keller*, with him *John A. Coyle* and *Redmond Conyngham*, for appellee.

Opinion by Porter, J., July 28, 1904 :

The decree from which this appeal is taken involved no departure from the general scheme of distribution which had prevailed upon a former account in the same estate. The action of the orphans' court in separating the principal from the income of the estate, in disposing of the fund for distribution upon the first account, was only for the purpose of determining how some of the shares should be subdivided, the principal of such shares having been bequeathed to trustees and the income only to the beneficiaries. The decree of the court upon the first account was, as to the residuary legatees, con-

clusive only as to the fund then distributed; and did not determine that all subsequent distributions must be made upon the same theory. Even if the court had held, upon the distribution under the first account, that the residuary legatees were chargeable with interest upon the amount of their respective advancements, and one of said legatees had been thereby deprived of a part of the fund to which he was entitled, upon that fact being made clear at a subsequent distribution he would have been entitled to be awarded enough to make up his proportionate distributive share of both funds: Grim's Appeal, 109 Pa. 391; Grim's Estate, 147 Pa. 190; Yetter's Estate, 160 Pa. 506; Landmesser's Estate, 13 Pa. Superior Ct. 467. The testator directed that the residue of his estate be divided into five equal shares, three of which were bequeathed to three of his sons absolutely; the other two shares were bequeathed upon certain trusts for the benefit of two other sons and their respective families. As to the shares which were so bequeathed in trust it is not necessary to determine whether the beneficiaries were entitled to the income from the time of the death of the testator or only after the distribution of the estate; the question does not arise in this case. The will then directed that certain specific sums should be charged against the shares of his sons respectively, as advancements. The contention of the appellant is that those who had been least advanced were entitled to have separate accounts of the principal and income of the estate; that they respectively were entitled to be paid out of the principal the amounts necessary to equalize distribution, and were entitled to receive in addition the income of the estate in proportion to such amounts. This would in effect be to make a charge against the advancements for delay, in the nature of interest, from the date of the death of the testator. The will of the testator did not so direct; it contemplated an equal division of the residue, taking into account the amount which each son had received by way of advancement. Advancements do not bear interest, unless there be a clearly manifest intention that they shall do so expressed in the will: Miller's Appeal, 31 Pa. 337; Porter's Appeal, 94 Pa. 332. When the shares of the legatees had been equalized, whether the fund which accomplished that result was derived from principal or income,

the balance of the estate must be equally divided among all: Farnum's Estate, 176 Pa. 366.

The decree of the court below is affirmed, and the appeal dismissed at costs of the appellant.