# Reed's Estate.

*Wills—Conversion—Real estate—Devise—Lapsed legacy.*

Where a testator by his will provides for a conversion of his real estate and for its distribution as personalty, but one of the beneficiaries named dies before the testator and the gift to her lapses, the lapsed share in the real estate passes under the intestate laws to the heirs of the testator as real estate. If one of the heirs dies before the real estate is sold, his widow will take one-third of such share as real estate under a devise to her in her husband's will of one-third of real estate.

Argued April 11, 1916. Appeal, No. 139, April T., 1916, by Catherine M. Reed, from decree of O. C. Erie Co., Sept. T., 1914, No. 71, dismissing exceptions to auditor's report in Estate of Lloyd G. Reed, deceased. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Exceptions to report of M. L. Davis, Esq., auditor.

The facts appear by the report of Reed's Est., 82 Pa. 428, and Reed's Est., 237 Pa. 125, and the opinion of the Superior Court.

*Errors assigned* were in dismissing exceptions to report of auditor.

*M. Levant Davis,* with him *John S. Rilling,* for appellant.—Money derived from judicial sales of land devolves as personalty beyond the first transmission: Wentz's App., 126 Pa. 541; Pennell's App., 20 Pa. 515.

*Frank Gunnison,* of *Gunnison, Fish, Gifford & Chapin,* for appellees, cited: Cuteis v. Wormald, 7 English Ruling Cases 65.

OPINION BY WILLIAMS, J., May 8, 1916:

It was held in Reed's Est., 237 Pa. 125, opinion by Mr.

Justice ELKIN, that the lapsed share of Nellie Reed passed under the intestate laws to the heirs of Charles M. Reed, her father, as real estate. Lloyd G. Reed inherited one-third of Nellie Reed's two-twelfths. Lloyd G. Reed's will provides that his widow shall receive one-third of his personalty absolutely and one-third of his real estate for life.

The will of Lloyd G. Reed makes no provision for a conversion.

The fund in dispute is the proceeds of real estate sold after the death of Lloyd G. Reed by the executors of Charles M. Reed under the provisions of his will; it is a part of that which the Supreme Court in Reed's Estate, supra, said passed as real estate to Lloyd G. Reed.

The question therefore is, does the widow of Lloyd G. Reed under his will take her interest in this fund as personalty getting one-third thereof absolutely or does she take it as real estate getting but one-third thereof for life.

The court below upon exceptions to the auditor's report, held that she took it as real estate and in this we think. the court was clearly right. It was real estate vested in Lloyd G. Reed at the time of his decease and passes as such under his will. The fact that it was sold after his decease does not change its character.

The appeal is dismissed.