## Kunsman's Estate.

*Asher Seip* and *Victor J. Abel,* for petitioners.
*Benjamin Neiman,* for respondents.

STEWART, P. J., June 11, 1928.—This is a petition for a declaratory judgment under the Uniform Declaratory Judgments Act, approved June 18, 1923, P. L. 840. The petition sets out that Thomas F. Kunsman died intestate on Dec. 21, 1924, leaving certain children and two grandchildren, who were the only heirs of Oscar F. Kunsman, who died intestate on Feb. 9, 1923; that at the time of his death Oscar F. Kunsman was indebted to his father in the sum of $9843 on two promissory notes under seal. On July 6, 1927, the administrators of Thomas F. Kunsman brought suit and recovered a judgment against the administrator of Oscar F. Kunsman for $14,586.89. The administrators of Thomas F. Kunsman filed their account, an auditor was appointed and distribution was made to the heirs of Thomas F. Kunsman, excluding Oscar F. Kunsman's two sons on account of their father's indebtedness to the Estate of Thomas F. Kunsman. On Nov. 30, 1925, all of the heirs of Thomas F. Kunsman, including the sons of Oscar F. Kunsman, entered into a letter of attorney to the Saucon Valley Trust Company, authorizing it to sell the real estate of Thomas F. Kunsman. The real estate was sold and distribution of the proceeds was made to all of the heirs of Thomas F. Kunsman, except the two sons of Oscar F. Kunsman, and their share amounts to $3173.72, and that sum is still in the hands of the Saucon Valley Trust Company, and the indebtedness of Oscar F. Kunsman exceeds the distributive share to which the sons of Oscar F. Kunsman would be entitled. Petitioners pray that a citation should be awarded to the said sons of Oscar F. Kunsman to show cause why the said fund of $3173.72 should not be distributed in equal shares to the other heirs of Thomas F. Kunsman. To the petition an answer was filed, setting forth "that the court is without jurisdiction to enter a declaratory judgment directing the distribution of the sum of $3173.72, now in the hands of the Saucon Valley Trust Company, as attorney in fact for all the heirs-at-law of Thomas F. Kunsman, deceased." The petition was filed in the Orphans' Court, and the argument is made that that court has exclusive jurisdiction over the question of advancement and distribution. Hughes's Appeal, 57 Pa. 179, and other well-considered cases are cited to that effect. That position is sound if the fund has been produced by proceedings in the Orphans' Court. It is also true for the reasons set forth by the learned auditor in this estate that these two children of Oscar F. Kunsman were not entitled to participate in the fund before the auditor, but the fund in suit arises from the sale of real estate which the parties sold as individual owners through the Saucon Valley Trust Company. Oscar F. Kunsman never owned any of his father's real estate, he having predeceased his father, but his children did own it, and their father's debt was not a lien on the land which they

inherited, and the recovery of judgment by the administrators of their grandfather's estate against the administrator of their father's estate did not make that judgment a lien on their real estate. The present case is somewhat like Wallace et al. *v.* Keyser et al., 51 Pa. 493. The syllabus of that case is: "An intestate died seised of real estate, leaving six children, two of whom were indebted to him on a judgment recovered in his lifetime. Judgments were recovered against the same two by three other creditors after his death. The heirs sold the land by private sale; and, in order to save the expense of judicial proceedings and to relieve the two shares from the lien of their judgments, the three creditors and the two heirs agreed that the purchase money should go into the hands of a third person, to be applied by him to the payment of their judgments 'as far as their shares of purchase money may liquidate the same in the order of, and according to, their respective legal priorities, and not *pro rata.*' *Held,* the debt of the two heirs to the intestate could not be taken out of the proceeds of sale before the payment of the judgment creditors. The proceeds of sale were not a fund in course of distribution, but purchase money from a private sale by the heirs, put into the hands of a third person for the use of the judgment creditors in lieu of the liens which they released. The abstract right that an heir to real estate, owing a debt to his ancestor, should take his share less the debt, is imperfect and cannot be enforced until the party or the fund comes into the power of the law." In that case, the proceeding was by a bill in equity. The lower court dismissed the bill, and the action was affirmed by the Supreme Court with an illuminating opinion by Mr. Justice Agnew. The same judge wrote the opinion in Hughes's Appeal, *supra.* In Wallace et al. *v.* Keyser et al., the opinion of the lower court is very short. It is as follows: "This case is not reached by the 16th section of the Act of April 8, 1833, relating to intestates, the judgment due to decedent being simply a debt, and neither an estate by any settlement of the intestate nor advancement by him in his lifetime." (The 7th section of the Intestate Act of 1917 is precisely the same as the 16th section of the Act of 1833, and refers both to real and personal estate.) Mr. Justice Agnew said, on page 498: "Abstractly, it is right that an heir to real estate who owed a debt to his ancestor should take his share less the debt, but the right is imperfect and cannot be enforced until the party or the fund comes into the power of the law. In an action of ejectment, if the defendant should set up an independent debt against the plaintiff to bar recovery, the equity would be precisely of the same description. But equity in this respect follows the law. By the Intestate Act, the realty descends in fixed proportions, subject to no diminution of quantity, except by advancement or settlement; and this only by a legal retrospect, constituting it a present portion of the entire estate." The other cases cited were all cases involving the distribution of funds in the hands of executors or administrators, either of personal estate or of the proceeds of real estate sold by proceedings in the Orphans' Court. The principle that grandchildren whose father died before their grandfather intestate, take, not paramount to their father but through him by representation, does not apply where the fund is in the hands of a mere stakeholder, as in the present case. The letter of attorney to the Saucon Valley Trust Company is recorded in Letter of Attorney Book, No. 25, page 173, and is a simple grant of power by the owners of real estate to an attorney in fact to sell. It confers no power whatever on the trust company to pay any liens or any creditors or to decide as to the distribution. The trust company is accountable not to the other grantors, but to each grantor individually. The principle above referred to has been extended to the proceeds of real estate sold in partition (Dickinson's

Estate, 148 Pa. 142, and Hartman's Estate, 12 Pa. Superior Ct. 69) ; but in the present case, just as was said in Wallace et al. *v.* Keyser et al., "his share being fixed by his relation and possession taken by entry, he stands on his legal right of quantity against all claims except by advancement or settlement, operating by way of qualification in the law itself which declares his proportion." By way of illustration, if Oscar F. Kunsman had died a month after his father, leaving real estate, and the administrators of Thomas F. Kunsman had done nothing to charge that real estate, as provided by section 15 of the Fiduciaries Act of 1917, for the payment of the claim in suit, his sons would hold the land discharged from the lien of that debt; and so where Oscar F. Kunsman died before his father, and the heirs take his land by representation, they take it discharged from the claim of the administrators of Thomas F. Kunsman. The Uniform Declaratory Judgments Act is not explicit as to the court in which the petition should be filed, but the act is broad enough to include a case where the facts are like the present case, but it is a truism that the petition must be filed in the court which would have jurisdiction of the cause of action, and that would not be the Orphans' Court. In the leading case of Kariher's Petition, 284 Pa. 455, the petition was filed in the Common Pleas. The appellant contended that it should have been filed in the Orphans' Court. Mr. Chief Justice Moschzisker, in his opinion, said: "In considering whether the Court of Common Pleas, rather than the Orphans' Court, had jurisdiction to determine the above questions, it must be kept in mind that the proposed lease, while negotiated pursuant to the option contained in the original lease, was not to be executed by representatives of the estate of the original lessor, Abigail Kariher, deceased, but by three persons claiming to be present owners of the property. The Uniform Declaratory Judgments Act provides, by section 1, that 'courts of record within their respective jurisdictions shall have power to declare rights,' etc., and by section 2, that 'any person interested under a . . . written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a . . . contract, . . . may have determined (by the court) any question of construction or validity arising under the instrument . . . and obtain a declaration of rights, status or legal relations thereunder.' Since there was no effort in this proceeding to enforce against the estate of the deceased lessor specific performance of the option clause in the original lease, the proceedings being instituted, as before stated, for the purpose of ascertaining and declaring the legal right of one of the parties to the new lease, to contract, so that the appellant company, as well as the other parties to the contract agreed on, would know whether it was bound to, or could with legal safety, accept the lease in question and obtain thereunder the rights bargained for, we are of opinion that the Court of Common Pleas was the proper tribunal to adjudicate the points involved, rather than the Orphans' Court." The same reasoning applies here. While the decision of this case does involve the rights of the parties as heirs of Thomas F. Kunsman, yet the real matter is between the trust company and two classes of adverse claimants. While we have indicated that we think that the children of Oscar F. Kunseman are entitled to this fund from the real estate, we cannot enter a declaratory judgment to that effect.

And now, June 11, 1928, petition is dismissed for want of jurisdiction, at the costs of petitioners.

From Henry D. Maxwell, Easton, Pa.